```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
IN RE: CAROLE RICHARDS,                :
                                       :
                      Debtor.          :
                                       :
-------------------------------------- :
                                       :
CAROLE RICHARDS,                       :
                                       :
              Plaintiff/Appellant,     :     20cv4412 & 20cv4468
                                       :          (DLC)
              -v-                      :
                                       :        OPINION
CREDIT SUISSE FIRST BOSTON MORTGAGE    :        AND ORDER
SECURITIES CORP., CSAB MORTGAGE-BACKED :
PASS-THROUGH CERTIFICATES, SERIES      :
2006-1, WELLS FARGO BANK, N.A., U.S.   :
BANK                                   :
NATIONAL ASSOCIATIONS, and employees,  :
directors, representatives, and        :
affiliated companies, of any of the    :
above-named defendants, who directly   :
or indirectly have participated, or    :
participate, in the submission, in     :
this or a related court proceeding, of :
information that he, she, or it knows  :
to be untrue, said defendant(s) to be  :
identified,                            :
                                       :
              Defendants/Appellees.    :
                                       :
-------------------------------------- X
```

APPEARANCES:

For appellant Carole Richards:

M Bradford Randolph
M. Bradford Randolph, Esq., PLLC
45 Rockefeller Plaza, Fl 20
New York, NY 10111

For appellees Wells Fargo Bank N.A., U.S. Bank National
Association, Credit Suisse First Boston Mortgage Securities
Corp.:

Christopher A. Lynch
Reed Smith LLP (NYC)
599 Lexington Avenue
New York, NY 10022

DENISE COTE, District Judge:

Carole Richards appeals a denial of a motion for

reconsideration by the United States Bankruptcy Court for the

Southern District of New York ("Bankruptcy Court").  For the

reasons stated below, the denial is affirmed.

## Background

Appellant Carole Richards ("Appellant") filed for

bankruptcy under Chapter 13 of the United States Bankruptcy Code

on August 28, 2017.  U.S. Bank National Association ("U.S.

Bank"), acting as the trustee for CSAB Mortgage-Backed Pass-

Through Certificates Series 2006-1 ("Lender"), filed a proof of

a secured claim on October 27, 2017.  The claim was in the

amount of $1,827,403.81 for a mortgage on the Appellant's real

property located on East 128th Street in Manhattan ("Proof of

Claim").  In support of the claim, U.S. Bank filed a copy of the

mortgage note ("Note").

After unsuccessfully challenging the Lender's Proof of

Claim, the Appellant instituted an adversarial proceeding on

October 1, 2018 against U.S. Bank and others.[1]  In that
proceeding, she challenged the validity of the Note on the
ground that several financial institutions had given her copies
of the Note and that there were differences in the endorsements
on those copies.

After the conclusion of discovery, on January 21, 2020,
U.S. Bank and Wells Fargo (collectively, "Appellees") filed a
motion for summary judgment.  In support of that motion, the
Appellees submitted a declaration by Wells Fargo's Vice
President of Loan Documentation, Richard L. Penno ("Penno
Declaration").  The Penno Declaration asserts that U.S. Bank has
had continuous possession of the original mortgage Note since at
least February 15, 2006 and includes several exhibits.

On February 18, 2020, the Appellant opposed the motion for
summary judgment on jurisdictional grounds.  Several weeks
later, on March 12, the Appellant filed a motion to expunge,
seeking to exclude the Penno Declaration from the record
submitted on summary judgment.  The motion to expunge
principally argued that Penno is an expert witness whose
identity and report should have been disclosed earlier in the

---

[1] The other defendants named in the adversarial action were
Credit Suisse First Boston Mortgage Securities Corp., CSAB
Mortgage-Backed Pass-Through Certificates, Series 2006-1, Wells
Fargo Bank, N.A. ("Wells Fargo"), and DLJ Mortgage Capital, Inc.

litigation.  Of relevance to this appeal, however, the motion
added that five of the exhibits to the Penno Declaration should
also have been disclosed prior to the close of discovery on
November 7, 2019 and therefore should not be considered in
connection with the summary judgment motion.  The Appellant
argued that there is a question of fact as to whether U.S. Bank
ever paid for the Appellant's mortgage and has a possessory
interest in the Note.

On March 26, 2020, the Bankruptcy Court held a hearing on
the motions.  It denied the motion to expunge on the ground that
Penno was not testifying as an expert witness and, as a result,
the Appellees were not required to disclose his testimony
earlier than they had.  The Bankruptcy Court granted the motion
for summary judgment, concluding that U.S. Bank had shown that
it had retained possession of the Appellant's original Note at
all times relevant to the litigation.  On April 1, the
Bankruptcy Court issued Orders formally denying the motion to
expunge and granting the Appellees' motion for summary judgment
for the reasons stated on the record at the March 26 hearing.

On April 15, 2020, the Appellant filed motions to reargue
each of the motions (the "Motions to Reargue").  The motion to
reargue the motion to expunge asserted that the five exhibits to
the Penno Declaration were not timely disclosed and that they

4

and the passages from the Penno Declaration that had relied on
them should not be considered in connection with the summary
judgment motion.

On May 14, 2020, the Bankruptcy Court held a hearing on the
Motions to Reargue.  When asked why he had not appealed from the
rulings in the adversary proceeding if he felt the Bankruptcy
Court had erred, Appellant's counsel explained that he thought
the Bankruptcy Court may have made a mistake since it did not
specifically address on March 26 his argument that the five
documents, which he characterized as important, were
inadmissible.  The Bankruptcy Court promptly explained, however,
that it had addressed the issue and had ruled that they are
admissible.  The Bankruptcy Court added that it had made no
material mistake regarding their admissibility or the fact that
Mr. Penno was not testifying as an expert.  It concluded that
Appellant had not met the Rule 60(b) standard; it denied the
motion to reopen the adversary proceeding.  On May 19, the
Bankruptcy Court issued a brief Order formally denying the
Motions to Reargue for the reasons stated on the record at the
May 14 hearing.

On July 17, 2020, the Appellant appealed the Bankruptcy
Court's denial of her Motions to Reargue.  She principally
argues that the Bankruptcy Court erred in not explicitly

addressing her argument that the exhibits to the Penno
Declaration should have been produced before "the discovery bar
date" and therefore should not have been considered in
connection with the summary judgment motion.  The appeal became
fully submitted on September 15.

### Discussion

28 U.S.C. § 158(a) vests district courts with appellate
jurisdiction over bankruptcy court rulings.  A district court
may "affirm, modify, or reverse a bankruptcy judge's judgment,
order or decree."  Fed R. Bankr. P. 8013.  On appeal, the legal
conclusions of the bankruptcy court are reviewed de novo, but
its findings of fact are reversed only when they are "clearly
erroneous."  Kuhl v. United States, 467 F.3d 145, 147 (2d Cir.
2006).

The standard of review for an appeal from the denial of a
Federal Rule of Civil Procedure 60(b) motion for reconsideration
is abuse of discretion.  Malik v. McGinnis, 293 F.3d 559, 561
(2d Cir. 2002).  A trial court "'abuses' or 'exceeds' the
discretion accorded to it when (1) its decision rests on an
error of law . . . or a clearly erroneous factual finding, or
(2) its decision -- though not necessarily the product of a
legal error or a clearly erroneous factual finding -- cannot be
located within the range of permissible decisions."  Shahriar v.

Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 250 (2d Cir. 2011).  "An appeal from an order denying a Rule 60(b) motion brings up for review only the denial of the motion and not the merits of the underlying judgment. . . ."  McGinnis, 293 F.3d at 561 (citation omitted).

It is helpful to begin by noting what is not at issue on this appeal.  The Appellant does not appeal the Bankruptcy Court's ruling that Mr. Penno was not testifying as an expert witness and that it could consider his declaration when addressing the Appellees' summary judgment motion.  Instead, this appeal focuses solely on certain exhibits attached to the Penno Declaration and the declaration's discussion of them.[2]

Appellant asserts that five exhibits to the Penno Declaration are relevant to the Bankruptcy Court's ruling that U.S. Bank had continuous possession of the Note "endorsed in blank," but that they had not been disclosed to the Appellant before they were produced as attachments to the Declaration. The Appellant contends that the Bankruptcy Court erred on March 26 by not specifically addressing her argument regarding that late production, and thereby erred on May 14 in denying her Motions to Reargue.

---

[2] Appellant emphasizes the importance of page 4 of Exhibit E to the Penno Declaration.

The Appellant has not shown that the Bankruptcy Court abused its discretion in denying her Motions to Reargue.  She has failed to show that the Bankruptcy Court's denial of the Motions to Reargue "cannot be located within the range of permissible decisions."  Smith & Wollensky, 659 F.3d at 250.  As a review of the May 14 colloquy with Appellant's counsel indicates, the Bankruptcy Court was aware of Appellant's arguments about the late disclosure of the documents attached to the Penno Declaration and rejected those arguments on March 26 in the course of denying Appellant's objection to the entirety of the Penno Declaration.  The Bankruptcy Court's ruling that Rule 60(b) was not the proper vehicle to attack the March ruling was entirely reasonable.

The Bankruptcy Court did not commit error when it concluded that any challenge to its ruling on the motion for summary judgment (and the related motion to expunge from the record evidence the Appellees submitted with that summary judgment motion) should have been brought through an appeal of those rulings.  After all, a court is not required to sanction a party for the late production of documents by striking them from the record.  A bankruptcy court has "wide discretion" when deciding whether to impose sanctions.  Design Strategy, Inc. v. Davis, 469 F.3d 284, 294 (2d Cir. 2006).  The Bankruptcy Court was

entitled to reach the merits of the issues presented by the adversary proceeding at the time it addressed the Appellees' motion for summary judgment and nothing presented in the Appellant's Motions to Reargue suggests that the Bankruptcy Court acted outside its broad discretion in rejecting those Motions to Reargue.

## Conclusion

The Bankruptcy Court's May 19, 2020 denial of the Appellant's Motions to Reargue is affirmed.  The Clerk of Court shall enter judgment for the Appellees and remand the case for further proceedings consistent with this judgment.

Dated:    New York, New York
          February 3, 2021

_____
                DENISE COTE
          United States District Judge

9